# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 25-1438V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| KEVIN WILLIAM CASSADAY, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed:  September 23, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Reissued for Public Availability: November 5, 2025 |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Kevin William Cassaday*, Hope, MI, *pro se* Petitioner.

*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On August 26, 2025, Kevin William Cassaday filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet.").

The Petition alleges claims wholly unrelated to a vaccine-related injury allegedly suffered by Petitioner, or anyone else for that matter. *See generally* Pet at 10–20. Thus, it does not even plead that Petitioner received a covered vaccine, and instead discusses at length allegations regarding the COVID-19 vaccine, which is not covered by the Vaccine Program. *See,* e.g., *id* at

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

Pursuant to Vaccine Rule l 8(b), this Decision was initially filed on February 28, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

15. It also does not allege a specific injury, suffered by Petitioner or someone for whom he could act as a legal representative. The Petition thus does not seek the kind of redress the Vaccine Act was intended to permit.

The jurisdiction of the United States Court of Federal Claims is limited, and jurisdiction under the Vaccine Act is even further limited. 28 U.S.C. § 1491(a)(1); Section12(a). "The United States Court of Federal Claims and the United States Court of Federal Claims special masters ... have jurisdiction over proceedings to determine if a petitioner under Section 11 is entitled to compensation under the Program and the amount of such compensation." Section 12(a). Special masters cannot determine or decide claims unrelated to the Program.

To receive compensation in the Vaccine Program, a petitioner must prove either: (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations in question within a statutorily prescribed period of time or, in the alternative, (2) that his illnesses were actually caused by a vaccine (a "Non-Table Injury"). *See* Sections 13(a)(1)(A), 11(c)(1), and 14(a), as amended by 42 C.F.R. § 100.3; § 11(c)(1)(C)(ii)(I); *see also Moberly v. Sec'y of Health & Hum. Servs.*, 592 F.3d 1315, 1321 (Fed. Cir. 2010); *Capizzano v. Sec'y of Health & Hum. Servs.*, 440 F.3d 1317, 1320 (Fed. Cir. 2006). Here, Petitioner has neither asserted a Table Claim nor a Non-Table Claim, and has not otherwise even established receipt of a covered vaccine. As a result, the Petition must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, and for the aforementioned reasons, the Petition is dismissed. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED**.

Brian H. Corcoran  
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.