# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 25-1438V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| KEVIN WILLIAM CASSADAY, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: October 6, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Reissued for Public Availability: November 5, 2025 |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Kevin William Cassaday*, Hope, MI, *pro se* Petitioner.

*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

### ORDER DENYING MOTION FOR RECONSIDERATION[1]

On August 26, 2025, Kevin William Cassaday filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1 ("Pet.")). I dismissed the matter on September 23, 2025 (*see* Decision, dated Sept. 23, 2025 (ECF No. 8) (the "Decision")), largely because it failed in significant ways to state an actual Vaccine Act claim, setting forth that the Petitioner did receive a covered vaccine, and that he alleged an injury resulting from it. *See generally* Pet at 10–20.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Order will be available to the public in its present form. *Id.*

Pursuant to Vaccine Rule l 8(b), this Decision was initially filed on February 28, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner has now requested reconsideration. Motion for Reconsideration, dated Sept. 24, 2025 (ECF No. 9) ("Mot."). But the request is not well-founded. Vaccine Rule 10(e) provides that either party may seek reconsideration of a special master's decision within twenty-one days after the decision's issuance. Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3).

As noted by another special master, "there is a dearth of law interpreting Vaccine Rule 10(e)(3)," save for the conclusion that (as the rule itself makes clear) it is within the special master's discretion to decide what the "interest of justice" is in a given case. *R.K. v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of decision dismissing case for failure to prosecute). Many decisions assume that the standard for reconsideration is congruent with the "manifest injustice" standard utilized under Rule 59(a) of the Rules of the Court of Federal Claims, which has been defined as "clearly apparent or obvious" unfairness. *Amnex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002); *see also R.K.*, 2010 WL 5572074, at *3–5 (citations omitted).

I have previously found reconsideration appropriate when the movant's request incorporates new (meaning not previously available) and relevant evidence that would have impacted the outcome of my determination had it been offered initially. *See, e.g.*, *Rodriguez-Luna v. Sec'y of Health & Human Servs.*, No. 15-496V, 2018 WL 774256, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2018) (granting motion for reconsideration of final attorney's fees and costs decision when petitioner submitted previously-unfiled billing records). By contrast, I have denied reconsideration requests where the movant simply disagrees with my initial decision and has offered no truly "new" evidence. *See, e.g.*, *D'Tiole v. Sec'y of Health & Human Servs.*, No. 15-085V, 2016 WL 8136296 (Fed. Cl. Spec. Mstr. Dec. 21, 2016), *mot. for review den'd*, 132 Fed. Cl. 421 (2017), *aff'd*, 726 F. App'x 809 (Fed. Cir. 2018); *Kerrigan v. Sec'y of Health & Human Servs.*, No. 16-270V, 2016 WL 7575240 (Fed. Cl. Spec. Mstr. Nov. 22, 2016).

Petitioner's motion for reconsideration appears to include the contention that he did receive a COVID-19 vaccine (albeit without specifying the date of administration). *See* Mot. at 2. But as noted in my Decision, the COVID-19 vaccine is *not* covered by the Vaccine Program. Decision at 1-2. Otherwise, the Motion provides no additional evidence not previously considered in the Decision, and does not show how it would be in the interests of justice to grant reconsideration. The bases for dismissal set forth in my Decision remain, and Petitioner's reconsideration request only attempts to reargue points already addressed. He therefore does not meet the standard for reconsideration.

Accordingly, and for the aforementioned reasons, the Motion for Reconsideration is **Denied**. Petitioner's existing deadline for filing of a motion for review of the Decision, as set forth by the Vaccine Rules, will continue to run in from the issuance of the Decision.

**IT IS SO ORDERED**.

_____
Brian H. Corcoran
Chief Special Master
